1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PATRICK D. KELLEY, JR.,

               Petitioner,

     v.

SUPERIOR COURT OF THE
STATE OF CALIFORNIA,

          Respondent.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-5274 DDP(JC)


ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS
CORPUS

## I.   SUMMARY

On June 23, 2011, Patrick D. Kelley, Jr. ("petitioner"), a state prisoner who
is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition").
Petitioner appears to challenge a conviction in the Los Angeles County Superior
Court and seeks to withdraw his guilty plea in such action due to the alleged failure
of the California Department of Corrections and Rehabilitation properly to
calculate his sentence.  (Petition at 2-3).  It plainly appears from the face of the
Petition, that petitioner is not entitled to relief at this time because petitioner's
claim has not been presented to the California Supreme Court and the Petition is
wholly unexhausted.  Accordingly, the Petition is dismissed pursuant to

///

1  Rule 4 of the Rules Governing Section 2254 Cases in the United States District

2  Courts.[1]

3  **II.   DISCUSSION**

4        A federal court will not grant a state prisoner's petition for writ of habeas

5  corpus unless it appears that the prisoner has exhausted available state remedies.

6  28 U.S.C. § 2254(b), (c); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>O'Sullivan v.</u>

7  <u>Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Park v. California</u>, 202 F.3d 1146, 1150 (9th

8  Cir.), <u>cert. denied</u>, 531 U.S. 918 (2000).  "For reasons of federalism, 28 U.S.C.

9  § 2254 requires federal courts to give the states an initial opportunity to correct

10  alleged violations of its prisoners' federal rights." <u>Kellotat v. Cupp</u>, 719 F.2d

11  1027, 1029 (9th Cir. 1983) (citation omitted).

12        Exhaustion requires that the prisoner's contentions be fairly presented to the

13  highest court of the state.  <u>Davis v. Silva</u>, 511 F.3d 1005, 1008 (9th Cir. 2008)

14  (citation omitted); <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir.), <u>cert. denied</u>, 513 U.S.

15  935 (1994).  A claim has not been fairly presented unless the prisoner has

16  described in the state court proceedings both the operative facts and the federal

17  legal theory on which his claim is based.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-

18  66 (1995) (per curiam); <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982) (per curiam);

19  <u>Scott v. Schriro</u>, 567 F.3d 573, 582 (9th Cir.) (per curiam), <u>cert. denied</u>, 130 S. Ct.

20  1014 (2009); <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999).

21        Petitioner has the burden of demonstrating he has exhausted available state

22  remedies.  <u>See, e.g.</u>, <u>Williams v. Craven</u>, 460 F.2d 1253, 1254 (9th Cir. 1972) (per

23  curiam); <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir.), <u>cert. denied</u>, 522 U.S.

24

25        [1]Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

26  requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly
appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

27  the district court. . . ."  Federal courts are permitted to raise exhaustion problems *sua sponte*.
<u>See</u> <u>Stone v. San Francisco</u>, 968 F.2d 850, 856 (9th Cir. 1992), <u>cert. denied</u>, 506 U.S. 1081

28  (1993) (citing <u>Granberry v. Greer</u>, 481 U.S. 129, 134 (1987)).

833 (1997); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).  In the present proceeding, petitioner affirmatively represents that he has not presented any challenge to his conviction to the California Supreme Court. (Petition at 6, 7).  Accordingly, it plainly appears from the face of the Petition that petitioner cannot meet his burden to demonstrate that he has exhausted his claim.[2]

The Court notes that the exhaustion requirement may be satisfied if a petitioner's unexhausted claim is clearly procedurally barred under state law.  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996).  In this case, however, it is not "clear" that the California Supreme Court would deem petitioner's claim procedurally barred under state law if he were to raise it in a habeas petition in the California Supreme Court.  See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition).[3]

Once a Court determines that a habeas petition contains only an unexhausted claim, it may dismiss the petition for failure to exhaust.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Accordingly, because the Petition in this case contains only an unexhausted claim dismissal thereof is appropriate.

///

---

[2]A review of California Supreme Court dockets, available at http://appellatecases. courtinfo.ca.gov, confirms that petitioner has not sought relief from such court.

[3]This Court expresses no opinion regarding whether consideration of a state habeas petition might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993).  The California Supreme Court should evaluate the matter in the first instance.  Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims.  See, e.g., Park, 202 F.3d at 1151-52.

**III.    ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed and that Judgment be entered accordingly.

DATED: _November 22, 2011_

_____
Honorable Dean D. Pregerson
UNITED STATES DISTRICT JUDGE

Presented by:[4]


_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[4]Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.